DONALD DELAND IRELAND,

*an Infant, etc. et al.*

*v.*

CECIL ORR BRITTON, *et al.*

*and* ROADWAY EXPRESS, INC.

(No. 13306)

Submitted September 18, 1973. Decided December 18, 1973.

*Donell, DeLaMater & Hagg, W. Dean DeLaMater, Arthur J. Recht* for appellants.

*Charles D. Bell* for appellees.

CAPLAN, JUSTICE:

On this appeal the appellants, Donald Deland Ireland and his father, Dennis Brady Ireland, plaintiffs below, seek a reversal of a judgment of the Circuit Court of Hancock County entered on March 3, 1972. The court, in said judgment order, granted the defendants' motion

to dismiss as to the first count of the complaint and also granted the defendants' motion for a summary judgment wherein the validity of the second count of the complaint was brought into question. On March 25, 1972 the plaintiffs filed a motion to reconsider the rulings embodied in the March 3rd order which motion has never been ruled on. In order to file a timely appeal from the March 3rd order, the plaintiffs found it necessary to institute this appeal, even though no action had been taken on their motion to reconsider.

It appears from the record that on January 1, 1966, Cecil Orr Britton, one of the defendants, was driving from Sarasota, Florida to his home in Weirton, West Virginia. On this trip he was driving a 1955 Chevrolet onto which was hitched a 1962 Ford station wagon. His wife, Shirley May Britton, also a defendant, was seated in the driver's seat of the towed station wagon and positioned to her right on the front seat was the plaintiff, Donald Ireland, thirteen years of age. The Ford was being towed by means of a tow bar which had been affixed to the vehicles by defendant Cecil Britton.

While driving north on U. S. Route 460 in the State of Virginia, near the town of Narrows, the vehicles in which the Brittons and Donald Ireland were riding collided with a tractor trailer which was owned by Roadway Express, Inc. and driven by O. F. Gentry. Although the evidence is vague as to the cause of that collision, it appears from the record that the automobile driven by the defendant and the towed vehicle were approximately twelve to eighteen inches over the center line of the highway and into the opposite lane of traffic. Why the defendants' vehicles were so positioned is not clear. In this circumstance the collision occurred and plaintiff Donald Ireland suffered the injuries of which complaint is made.

In the first count of the plaintiffs' amended complaint it is alleged that Donald Ireland was ordered by defendant Cecil Britton to ride in the towed vehicle; that Cecil

Britton and Roadway Express, Inc., through its agent O. F. Gentry, so carelessly, negligently, recklessly and unlawfully conducted themselves in the operation and control of their respective vehicles that a collision occurred, resulting in severe and permanent injuries to Donald Ireland; and that by reason thereof recovery in the sum of $65,000.00 was sought. Also in said count, plaintiff Dennis Brady Ireland sought recovery in the amount of $7,000.00 for medical expenses required by his son by reason of the injuries sustained and for the loss of his son's services.

Basically, the second count of said complaint contained allegations similar to those in the first. In addition thereto, however, the plaintiffs alleged that the defendants were guilty of gross negligence in causing the injuries suffered by plaintiff Donald Ireland. By reason thereof compensatory damages in the sum of $65,000.00 were sought and an additional award of $100,000.00, as punitive damages, was demanded.

On October 16, 1968 the defendants filed a motion to dismiss, alleging as the principal ground in support thereof that the plaintiffs failed to allege in the first count the degree of negligence necessary to sustain an action by a guest passenger under the laws of the State of Virginia. An answer was also filed by the defendants wherein they denied that they were guilty of negligence, either ordinary or gross.

Upon the ground that "the file, including the depositions shows, as a matter of law, that the plaintiff is unable to prove a case of gross negligence against said individual defendants", the defendants, on September 2, 1971, filed a motion for summary judgment. In its order entered March 3, 1972, the court granted the defendants' motion to dismiss the complaint as to the first count, holding that Donald Ireland, a guest passenger, failed to allege more than ordinary negligence on the part of the defendants, which, under the Virginia guest passenger statute, was not sufficient to create liability. The court also granted

the defendants' motion for summary judgment in relation to the second count, stating in his order that "there is no genuine issue of material fact and that said facts do not, as a matter of law, constitute gross negligence on the part of either the BRITTON defendants under the Virginia guest passenger statute".

Presented squarely for decision on this appeal is the correctness of the court's action in granting the motion to dismiss and the motion for summary judgment. The first ruling raised the question of the applicability of the Virginia guest passenger statute to the instant case. Under said statute, in order for a guest passenger of a vehicle to recover for the negligence of his host driver, he must allege and prove gross negligence on the part of said driver. Asserting that such statute does not control the instant case, the plaintiffs, in their motion to reconsider, brought to the court's attention a recent decision of the Virginia Supreme Court, *Smith v. Kauffman,* 212 Va. 181, 183 S.E.2d 190 (1971), a case decided subsequent to the collision but prior to the circuit court's ruling. Therein it was held that "a child under the age of fourteen years is incapable of knowingly and voluntarily accepting an invitation to become a guest in an automobile so as to subject himself to the gross negligence rule." Accordingly, that court effectively held that the Virginia guest passenger statute does not apply to an injured guest passenger under the age of fourteen years and that recovery may be obtained on the allegation and proof of ordinary negligence.

It is undisputed that Donald Ireland, the injured guest passenger in the instant case, was thirteen years of age on the date of the subject collision. Therefore, say the plaintiffs, by virtue of the decision in *Smith v. Kauffman, supra,* it is necessary only to allege and prove ordinary negligence. They have alleged such negligence in their amended complaint and contend that they should be afforded the opportunity to prove the existence thereof.

The defendants express the view that to apply *Smith v. Kauffman* to this case would constitute the application of the principles stated therein retroactively and that such decision should not be considered.

We are unable to agree with the view expressed by the defendants. The holding of *Smith v. Kauffman* was two-fold. It abolished the doctrine of parental immunity and it related the court's first construction of the guest passenger statute where it pertained to a minor under the age of fourteen years. The authorities cited by the defendants relating to the abolition of a doctrine are of no significance here. The holding of that court, pertinent to this decision, that is, that the guest passenger statute does not apply to one under fourteen years of age, does not constitute the abolition of a doctrine. It is merely the court's first interpretation of a state statute. By its holding and by expressly noting that "we have not previously decided the question raised on this appeal", the court has effectively said that the guest passenger statute does not and never did apply to a minor under the age of fourteen years. This, then, is the law in the State of Virginia which controls the right of recovery in the instant case. See *Thornsbury v. Thornsbury,* 147 W.Va. 771, 131 S.E.2d 713 (1963).

In view of the foregoing, the allegation of ordinary negligence in the amended complaint was sufficient to permit recovery by the plaintiffs if they were able to prove such negligence. The only manner in which such proof could be established was to allow the case to proceed to trail. The failure of the court to permit such proceeding by granting the defendants' motion to dismiss constituted reversible error.

Our decision on the defendants' motion to dismiss obviates the necessity for a consideration of the summary judgment and the ruling thereon by the trial court. The question raised by the motion for summary judgment was whether, as a matter of law, the plaintiffs were able to prove a case of gross negligence against the defendants.

Inasmuch as this case is to be remanded for a new trial and inasmuch as, at such trial, it will be incumbent upon the plaintiffs, in order to recover, to prove only ordinary negligence on the part of the defendants, we deem it unnecessary to further consider the assignment of error relating to the motion for summary judgment.

For the reasons stated herein, the judgment of the Circuit Court of Hancock County is reversed and the case is remanded for a new trial.

*Reversed and remanded.*